MILLER, Judge
(dissenting).
I do not understand how the trial court and the majority of this court find “. . . that plaintiff’s (Lionel’s) motorcycle was not in front of Mrs. Castille as she drove down the street, but on the contrary, cut across her path from the left side.”
It is conceded that the front of her car struck the motorcycle. The only testimony to support her contention that the motorcycle came from her left is that she heard the motorcycle through her left front window which was the only partially open window of her car. Mrs. Castille has no idea how the motorcycle got in front of her car. Tr. 95, 97, 98, 102, 105 and 106. Typical of her testimony is the following:
“Why I did not see him? . . . Because there wasn’t nothing to see, cause he come right towards me. The first thing I knew I hit him and that’s when I saw him.”
* ‡ :{c %
“Q. And is it your testimony that he was stopped in the road or was he moving, do you know?
“A. I don’t know. He wasn’t in front of me, that’s for sure.”
‡ * ' % *
“The first thing I know I hit the motorcycle, I didn’t see anything. The first thing I know I hit something, I looked and it was a motorcycle.”
If the motorcycle cut across her path from her left side, one would expect to find that the severe impact between the car and the motorcycle would have injured Lionel’s right leg. But his right leg was not injured. Mrs. Castille’s son testified that the gas tank was dented on the right side, suggesting that the impact was in that area. He also testified that the gas tank is situated in front of the motorcycle seat. It is difficult to understand how the impact could have been on the right side of the motorcycle without injuring Lionel’s right leg.
The trial judge did not rule on the credibility of the witnesses. Had the trial judge ruled that Lionel’s testimony was unworthy of belief, I would accept that finding. But he did not so state. We have no way of knowing that the trial judge rejected testimony of a witness.
The evidence preponderates that the motorcycle was struck from the rear. Lionel so testified. Mrs. Castille did not see the motorcycle until after she hit it. She did not describe the damage to the motorcycle. Officer Noble testified that the rear of the motorcycle and the handlebars and the shock absorbers on the left side were damaged. Tr. 64. Officer Bertinot was not asked if the rear of the motorcycle was damaged.
The only testimony to the effect that the rear of the motorcycle was not injured was that of Mrs. Castille’s son. This is disputed by Lionel and Officer Noble. Plaintiff sought to introduce pictures which defendant’s counsel possessed at trial to show the damage to the motorcycle. The trial court improperly sustained defense counsel’s objection grounded on a lack of proof as to who made the pictures and when. The pictures were identified by Lionel as accurately portraying the damage sustained by the motorcycle in the accident. He testified that the motorcycle had been parked by his father’s house and the pictures *258 showed the motorcycle and his father’s truck and home in the background. On this evidence and the fact that defense counsel had the pictures, these pictures should have been admitted. Defendant’s objection to their introduction does not support a finding that the rear of the motorcycle was not damaged.
Finally, the evidence established that this accident occurred closer to Walnut street than to Highway 190 (Tr. 63, 73), and that the service station which Mrs. Castille surmised that the motorcycle departed from was located at the intersection of First Street and Highway 190 (Tr. 64, lines 16-18). It was not argued that the parties hit headon, but that’s the only manner the impact could have occurred if Lionel departed from the service station and proceeded to impact.
I respectfully submit that the trial court decision is not supported by the record and should be reversed as manifestly erroneous.